# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MALCOLM BROOKS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cv-01313-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| STATE OF NEVADA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Plaintiff Malcom Brooks's ("Plaintiff's") Objection, (ECF No. 7), to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 6), recommending that the Court dismiss the case.

For the reasons discussed below, the Court **DENIES** Plaintiff's Objection and **ADOPTS in full** the Magistrate Judge's R&R.

**I.     BACKGROUND**

This case arises from claims under 42 U.S.C. § 1983 against Defendants Trevor Berghuis and Elvin Valle (collectively, "Defendants") for allegedly violating Plaintiff's Fourth, Fifth, Seventh, and Ninth Amendment rights. (Compl. at 1, ECF No. 1-1). Plaintiff alleges that Defendants are "agents of the State of Nevada and the City of Las Vegas" and that on February 17, 2021, they attempted to take his property, trespassed on his property, and arrested him without a warrant. (*See id.* at 1); (Aff. Truth, Ex. 2 to Compl., ECF No. 1-1). The Court dismissed Plaintiff's Complaint without prejudice for not providing fair notice under Fed. R. Civ. P. 8, failing to state a plausible Section 1983 claim, and potentially violating the *Younger* doctrine. (*See generally* Order, ECF No. 3). Plaintiff filed an Amended Complaint, removing his Fifth and Ninth Amendment right claims. (*See* Am. Compl. at 1, ECF No. 5).

1   The Magistrate Judge entered its R&R, recommending dismissal of Plaintiff's Amended Complaint for failing to comply with its Screening Order directing him to amend the substance of his original Complaint. (*See* R&R 2:3–6, ECF No. 6).  Plaintiff filed an Objection to the R&R. (*See generally* Obj., ECF No. 7).

## II. LEGAL STANDARD

When reviewing the order of a Magistrate Judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).  A Magistrate Judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 U.S. Dist. LEXIS 129489, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).  When reviewing the order, however, the Magistrate Judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007).  The District Judge "may not simply substitute its judgment" for that of the Magistrate Judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## III. DISCUSSION

The Magistrate Judge recommends the Court dismiss the case because Plaintiff failed to amend the substance of his original complaint per the Court's Screening Order. (*See* R&R 2:3–6). Specifically, the R&R reaffirms that Plaintiff does not allege sufficient facts to provide Defendants fair notice that their alleged misconduct violated Plaintiff's constitutional rights

1  under Section 1983. (*See id.* 1:22–24); (Order 4:17–5:5).  Plaintiff objects, contending his
2  Amended Complaint cures this deficiency.[1] (*See* Obj. ¶ 15).

3  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent
4  standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94
5  (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  When the Court grants plaintiff's
6  application to proceed in forma pauperis, it must review plaintiff's complaint to determine
7  whether the complaint: (i) is frivolous or malicious, (ii) fails to state a claim on which relief
8  may be granted, or (iii) seeks monetary relief against a defendant who is immune from such
9  relief. 28 U.S.C. § 1915(e)(2)(B).  Fed. R. Civ. Pro. 8(a)(2) provides that a complaint must
10 contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to
11 relief."  To satisfy Rule 8's requirements, a complaint's allegations must cross "the line from
12 conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic*
13 *Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Fed. R. Civ. Pro. 12(b)(6) provides for
14 dismissal of a complaint for failure to state a claim upon which relief can be granted.  A
15 complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the
16 plaintiff can prove no set of facts in support of his claims that would entitle him to relief."
17 *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

18      Here, the Magistrate Judge does not clearly err by recommending dismissal.  The
19 Screening Order provided Plaintiff ways to sufficiently plead a Section 1983 claim, the way in
20 which a plaintiff brings a suit against public officials for allegedly violating their constitutional
21 rights.  For example, the Screening Order states that Plaintiff's original Complaint does not

---

[1] Plaintiff also contends Magistrate Judge Cam Ferenbach attempts to deprive him of his freedom of speech and is practicing from the bench by recommending dismissal via Fed. R. Civ. P. 12(b)(6). (*See* Obj. ¶¶ 2, 4). However, Plaintiff offers no legal authority supporting his freedom of speech violation argument. (*See generally* Obj.).  Further, the Court notes that the legal authority to recommend dismissal under the style of Fed. R. Civ. P. 12(b)(6) derives from 28 U.S.C. § 1915(e)(2)(B).  *See* § 1915(e)(2)(B) (stating that when the Court grants a plaintiff's application to proceed in forma pauperis, it must review their complaint to determine whether the complaint, among other things, fails to state a claim on which relief may be granted).

1  detail "what happened during the arrest." (Order 4:22–24).  It also states Plaintiff does not
2  include facts that could demonstrate Defendants "arrested him without probable cause or other
3  justification." (*See* R&R 6:24–7:2).  These deficiencies effectively amount to a failure to
4  provide Defendants fair notice under Rule 8. (*See* Order 4:18–5:5).  The R&R holds that
5  Plaintiff does not cure these deficiencies. (*See* R&R 1:16–2:6).

6   For his part, Plaintiff includes more facts in his Amended Complaint to offer Defendants
7  notice of the connection between their alleged misconduct and the purported deprivation of his
8  rights. (*See* Am. Compl. at 1).  For instance, Plaintiff alleges that Defendants forced him out of
9  his vehicle, made him stand in front of their vehicle, pulled Plaintiff's hands behind his back,
10 handcuffed and searched him, told him they had a warrant, and asked for his license. (*See id.*).
11 However, these facts do not sufficiently state a claim under Section 1983 because they do not
12 support the notion that Plaintiff's arrest was unlawful. *See Velazquez v. City of Long Beach*,
13 793 F.3d 1010, 1018 (9th Cir. 2015) (stating that an arrest violates the Fourth Amendment
14 when an officer has no "probable cause or other justification" to execute the arrest).  In fact,
15 Plaintiff's claim that Defendants provided him a "complaint" for not having a license plate and
16 having a faulty headlight undermines the idea that Defendants unlawfully arrested him.[2]
17 Accordingly, the Court denies Plaintiff's Objection and adopts in full the Magistrate Judge's
18 R&R.
19 ///
20 ///
21 ///
22 ///
23 ///

---

25 [2] Further, Plaintiff's Amended Complaint makes no reference to how Defendants' alleged misconduct violated his Seventh Amendment right to a jury trial.  As such, Plaintiff further fails to cure the Rule 8 deficiency that the Magistrate Judge described in its Screening Order.

IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 7), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 6), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**.

**DATED** this __21__ day of June, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT